IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

TERRY LEE BELL                                                                                    PLAINTIFF

v.                                              CIVIL NO. 21-3082

KILOLO KIJAKAZI, Acting Commissioner
Social Security Administration                                                                    DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Terry Lee Bell, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims supplemental security income (SSI) benefits under the provisions of Title XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. S*ee* 42 U.S.C. § 405(g).

Plaintiff protectively filed his current application for SSI on October 23, 2018, alleging an inability to work due to a head injury, inability to focus, a neck injury, headaches, a back injury, spinal stenosis, a rod in the right leg, a left leg condition, a foot condition, a hernia, carpal tunnel, an ulnar nerve condition and chronic obstructive pulmonary disease. (Tr. 110, 256). An administrative telephonic hearing was held on December 16, 2020, at which Plaintiff appeared with counsel and testified. (Tr. 37-68).

By written decision dated January 20, 2021, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 24). Specifically, the ALJ found Plaintiff had the following severe impairments: degenerative disc

1

disease, carpal tunnel syndrome, osteoarthritis, asthma, an adjustment disorder with mixed anxiety and substance abuse disorder. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4.  (Tr. 24).  The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> [P]erform light work as defined in 20 CFR 416.967(b) except he can occasionally balance, stoop, bend, kneel, crouch, and crawl. He can occasionally reach overhead with his upper extremities. He can never climb ladders, ropes, or scaffolds. He can frequently handle and finger objects with his upper extremities. He must avoid excessive exposure to dust. Smoke, fumes, and other pulmonary irritants. He can perform simple, routine, repetitive tasks with supervision that is simple, direct, and concrete.

(Tr. 26). With the help of a vocational expert, the ALJ determined Plaintiff could perform work as an assembler and a cleaner. (Tr. 30).

Plaintiff then requested a review of the hearing decision by the Appeals Council, who denied that request on October 6, 2021. (Tr. 1-6).  Subsequently, Plaintiff filed this action.  (ECF No. 2).  This case is before the undersigned pursuant to the consent of the parties. (ECF No. 6). Both parties have filed appeal briefs, and the case is now ready for decision.  (ECF Nos. 20, 21).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it.  *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have

decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

Plaintiff raises the following issues on appeal: 1) The ALJ erred by failing to comply with the regulatory articulation requirement for evaluating medical opinion evidence; and 2) The ALJ failed to apply the appropriate standard in evaluating the consistency of Plaintiff's reported symptoms with the evidence. (ECF No. 20). Defendant argues the ALJ properly considered all of the evidence including treatment records and medical opinion evidence, and the decision was supported by substantial evidence. (ECF No. 21). The Court has reviewed the entire transcript and the parties' briefs.

The Court has reviewed the entire transcript and the parties' briefs and finds that substantial evidence of record supports the ALJ's determination. The ALJ considered the medical assessments of the non-examining agency medical consultants, Plaintiff's subjective complaints, and his medical records when he determined Plaintiff could perform light work with limitations. With each medical opinion, the ALJ stated how persuasive he found each opinion and articulated the basis for his finding. While Plaintiff disagrees with the ALJ's RFC determination, after reviewing the record as a whole the Court finds Plaintiff failed to meet his burden of showing a more restrictive RFC. *See Perks v. Astrue*, 687 F. 3d 1086, 1092 (8th Cir. 2012) (burden of persuasion to demonstrate RFC and prove disability remains on claimant). The Court finds substantial evidence supporting the ALJ's RFC determination for the time period in question.

With respect to the ALJ's Step Five determination, the Court finds that the vocational expert's opinion constitutes substantial evidence supporting the ALJ's conclusion that Plaintiff's

impairments did not preclude him from performing work as an assembler and a cleaner. *Goff v. Barnhart,* 421 F.3d 785, 794 (8th Cir. 2005) (testimony from vocational expert based on properly phrased hypothetical question constitutes substantial evidence).

For the reasons stated in the ALJ's well-reasoned opinion, the Court finds Plaintiff's arguments to be without merit and finds that the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed, and Plaintiff's Complaint is dismissed with prejudice. *See Sledge v. Astrue*, No. 08-0089, 2008 WL 4816675 (W.D. Mo. Oct. 31, 2008) (summarily affirming ALJ's denial of disability benefits), *aff'd*, 364 Fed. Appx. 307 (8th Cir. 2010).

DATED this 16th day of February 2023.

/s/ *Christy Comstock*
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE